UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Claire Gaudissart,
    Plaintiff

    v.                                      Civil Case No. 1:22-cv-00253-SE

University of New Hampshire,
    Defendant
_____

## FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

### Parties

1. The Plaintiff, Claire Gaudissart, is a resident of Kittery, Maine.

2. She was employed by Defendant as a lecturer in the Department of Languages, Literatures and Cultures ("DLLC").

3. The Defendant, University of New Hampshire ("UNH") is a state chartered, nonprofit Corporation that provides educational instruction at the undergraduate and graduate level.

4. It has a separate budget, maintains control over the services it provides, and is responsible for any judgement against itself.

1

## Administrative History

5. Plaintiff filed a timely charge of age discrimination with the New Hampshire Commission for Human Rights ("HRC") pursuant to RSA 354-A which was dual filed with EEOC as a charge under the ADEA.

6. Following an investigation, the HRC made a finding of probable cause that Claire Gaudissart had been discriminated against on account of age in violation of RSA 354-A.

7. UNH removed the case from the HRC to the Strafford County Superior Court pursuant to RSA 354-A:21-a.

8. UNH re-removed the case from Strafford County Superior Court to this Court.

9. It predicated this court's jurisdiction upon Plaintiff's ADEA filing with the EEOC.

10. The EEOC issued a right to sue letter on September 9, 2022 which was received on or about September 11, 2022.

**Jurisdiction and Venue**

11. This action is brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 626 and NH 354-A. This Court has jurisdiction pursuant to 28 U.S.C. §1331 providing jurisdiction over federal questions and supplemental state law jurisdiction pursuant to 28 U.S.C.§1367.

12. Venue is proper in this State because all of the alleged actions occurred herein.

**Facts**

13. The plaintiff was hired in 1990, pursuant to an employment contract to teach French in the DLLC.

14. The DLLC only offers undergraduate degrees except for a limited MA Program in Spanish.

15. Plaintiff had highly specialized skills for teaching French to non-native speakers.

16. She was promoted to Senior Lecturer in 2008, in 2013 to Murkland Lecturer and then to the position of Principal Lecturer.

17. The principal lecturer position is the highest lectureship rank.

18. Her contract has been renewed multiple times.

19. Plaintiff's performance received excellent evaluations from students and colleagues.

20. In 2016, Dean Heidi Bostic wrote that

> Professor Gaudissart is a fantastic instructor for our College

21. In June 2017, Dean Heidi Bostic evaluated the plaintiff and wrote:

> Your performance as a lecturer in the College this past
>
> year met the high expectations of instruction in the College.
>
> On behalf of the College, I offer our deepest appreciation for
>
> your excellent work in the classroom.

22. Course enrollment in plaintiff's courses was strong.

23. Plaintiff was notified in January of 2018 that her contract would not be renewed.

24. The letter of non-renewal stated:

> The reason for this non-renewal is that the College of Liberal Arts
>
> is currently confronted with a substantial deficit.  With future
>
> programmatic needs foremost in mind, we have been forced to
>
> make some painful reductions and strategic realignment in
>
> teaching faculty.

25. At the time of the non-renewal of her contract, plaintiff was 54.

26. At least three other lecturers in the DLLC also over 50 had their contracts non-renewed.

27. UNH renewed the contracts of other lecturers who were substantially younger than the plaintiff.

28. UNH subsequently provided varying rationales for its action in terminating the plaintiff and her colleagues including not having a PHD.

29. All of its stated rationales were pretext.

30. At no time had the plaintiff been encouraged or required by UNH to secure a PHD.

31. No part of her job duties included engaging in original research.

32. UNH's discriminatory action against the plaintiff based on her age was willful and in knowing or reckless disregard of its legal obligation not to discriminate based on age.

33. As a result of this discrimination, plaintiff has suffered severe emotional and financial Loss.

## COUNT 1

## DISPARATE TREATMENT IN VIOLATION OF THE ADEA AND RSA 354-A

34. UNH's decision to non-renew the plaintiff and hire a substantially younger replacement was motivated at least in part because of her age.

35. UNH's rationales for non-renewing the plaintiff were false and pretextual.

## COUNT II

## DISPARATE IMPACT IN VIOLATION OF THE ADEA and RSA 354-A

36. In the alternative, if UNH adopted a practice of requiring PHD degrees of experienced lecturers in the DLLC Department, notwithstanding their many successful years of employment in the DLLC, that policy would have a disproportionate impact based on age.

37. At no prior time during the plaintiff's employment had she ever been encouraged or required to secure a PHD degree.

38. To the contrary, the practice had been to require PHDs for tenured faculty, and not for lecturers who were on a separate track.

39. Requiring a PHD was not a reasonable factor other than age for the non-renewal of lecturers who had demonstrated their competency through many years of teaching experience for UNH.

WHEREFORE, plaintiff respectfully requests:

A. That the Court order her reinstatement to her prior position with retroactive seniority;

B. That she be awarded her past wage and benefit loss;

C. That she be awarded liquidated damages in the amount of her past wage and benefit loss.

D. That she be awarded compensation for her future wage and benefit loss;

E. That she be awarded compensation for her nonwage and benefit losses;

F. That she be awarded enhanced compensatory damages;

G. That she be reimbursed for her reasonable attorney's fees and expenses;

H. That she be awarded pre-judgement interest and compensation for any tax loss arising out of a judgment in her favor.

Plaintiff Demands her Right to a Trial by Jury.

        Respectfully submitted,

        CLAIRE GAUDISSART,
        By her attorneys,
        BACKUS, MEYER & BRANCH, LLP,

Date:   December 6, 2022        By:   /s/ Jon Meyer
        Jon Meyer, Esquire, NH Bar #1744
        116 Lowell Street
        P.O. Box 516
        Manchester, NH 03105-0516
        jmeyer@backusmeyer.com
        603-668-7272